**Robert CRAIG, as Co–Liquidator of Alpine Assurance Company, Ltd., Plaintiff–Counter–Defendant–Appellant,**

**Amarilis Black, on behalf of herself and all others similarly situated, Plaintiff–Appellant,**

v.

**The BANK OF NEW YORK, Defendant–Counter–Claimant–Appellee.**

**Docket No. 01–7631.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2001.

Robert L. Brace, Esq., Hollister & Brace, Santa Barbara, CA, for Appellant.

Leo T. Crowley, Esq., Pillsbury Winthrop LLP; Daniel Z. Mollin, Esq., Pillsbury Winthrop LLP; and Dan J. Schulman, Esq., The Bank of New York, on the brief, New York, NY, for Appellee.

Present WALKER, Chief Judge, JACOBS, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the cause be and it hereby is REMANDED for supplementation of the record.

Plaintiffs-appellants Robert Craig and Amarilis Black appeal from the April 27, 2001 order of the district court granting the motion for summary judgment of defendant-appellee The Bank of New York ("BNY"), *see Craig v. Bank of New York*, 169 F.Supp.2d 202 (S.D.N.Y.2001). For the following reasons, we remand the case for supplementation of the record as set forth below, after which jurisdiction will be restored to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994).

Plaintiffs-appellants initiated this action by filing a putative class action complaint on October 24, 2000, alleging that BNY had, *inter alia*, breached the terms of a trust agreement that it had entered with the Alpine Assurance Company ("Alpine"), an off-shore insurance company. Concluding, among other things, that plaintiffs' claims were barred by the applicable statute of limitations and an express contract provision placing a limitation on the source of plaintiffs' recovery, the district court granted summary judgment in favor of defendant. This appeal followed.

During the course of the argument on appeal, the defendant indicated that there were two available grounds for summary judgment that it refrained from asserting in the proceedings before the district court: (1) that an express term in the trust agreement permits it to rely on advice of counsel with respect to any actions taken or omitted with respect to the agreement; and (2) that none of the alleged loss to the putative class is attributable to The Bank of New York's actions.

Because only limited discovery was conducted prior to the district court's grant of summary judgment, we are unable to fully evaluate defendant's arguments on appeal due to gaps with respect to these issues in the record.

We therefore remand the case for supplementation of the record. On remand, the district court is directed to determine (1) whether material disputed issues of fact exist as to whether defendant acted in reliance on the advice of counsel "in respect of any action taken or omitted by [BNY] in good faith in accordance with said opinion" as provided for in ¶ 3.6 of the agreement. If the district court concludes that there are material questions of fact with respect to that issue, the district court shall then determine (2) whether there are material disputed issues of fact as to whether BNY's actions caused any loss to the beneficiaries or Alpine. Because of the fact-intensive nature of these questions, we leave the determination of these questions to the district court and we intimate no views as to their resolution.

For the foregoing reasons, the cause is REMANDED to the district court for supplementation of the record. We direct the district court to permit and conduct such further proceedings as are appropriate, including such additional discovery as may in the court's judgment be necessary or advisable to enable it to make the required determinations.

Jurisdiction shall be restored to this panel, without the need to file a new notice of appeal, when one of the parties informs the Clerk of this Court that the record has been supplemented with the findings set forth above.

The mandate shall issue forthwith.